UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8206 CAS (JWJx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Rolando Galvez v. Quality Loan Service Corp. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

Brad Simon

**Proceedings:**   **DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS**
(filed 01/13/09)

## I.   INTRODUCTION AND BACKGROUND

Plaintiff filed the instant action in Los Angeles County Superior Court on November 12, 2008 against defendants Quality Loan Service Corp. ("Quality"), Litton Loan Servicing LP ("Litton"), and Does 1-50, inclusive. On December 12, 2008, defendants removed the instant action to this Court. On January 16, 2009, plaintiff filed a first amended complaint ("FAC"), which named as additional defendant HSBC Bank, USA, National Association ("HSBC").

Plaintiff's FAC alleges that he is the owner of real property located at 14730 Cerise Avenue in Hawthorne, California ("the property"). FAC ¶ 3. Plaintiff alleges that defendants are proceeding toward a trustee's sale of the property, but that Litton is not entitled to initiate foreclosure on the property because Litton is not in poession of the original promissory note ("the note") that would afford it the right to foreclose. FAC ¶ 18. Plaintiff asserts claims for (1) fraudulent misrepresentation; (2) fraudulent inducement; (3) unfair debt collection practices; (4) predatory lending practices; (5) quiet title; (6) declaratory relief; (7) injunctive relief; and (8) accounting.

Litton alleges that plaintiff recorded a Lis Pendens on the property on November 19, 2008. On January 13, 2009, Litton filed the instant motion to expunge Lis Pendens, pursuant to Cal. Code. Civ. P. §§ 405.30, 405.31 and 405.32. Plaintiff did not file an opposition. After carefully considering the arguments set forth by Litton and the allegations in plaintiff's FAC, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8206 CAS (JWJx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Rolando Galvez v. Quality Loan Service Corp. et al | | |

## II.  DISCUSSION

In Huntington World, Inc. v. Sup. Ct, 22 Cal. App. 4th 67 (1994), the court stated that "the court shall order the notice [of Lis Pendens] expunged . . . if it finds either that the pleading on which the notice is based does not contain a real property claim . . . or that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."  Litton argues that the Court must expunge the Lis Pendens in this case, because plaintiff has failed to set forth a real property claim and has failed to properly plead sufficient facts to support his claim.

Specifically, Litton notes that plaintiff's FAC is based on the allegation that defendants cannot foreclose on plaintiff's property because they are not in possession of the note. Litton disputes this allegation, arguing that the deed of trust was duly transferred to HSBC (thereby giving HSBC the right to foreclose) and that HSBC was the entity which ultimately foreclosed on the property due to plaintiff's payment defaults.  Mot. at 7, citing Ex B (July 14, 2008 Assignment of Deed of Trust); Domarad v. Fisher & Burke, Inc., 270 Cal.App.2d 543, 553 (1969) (assignment of deed of trust operated as assignment of promissory note therein mentioned).  Therefore, Litton argues, whether or not defendants are in possession of the original note is immaterial.  Mot. at 6-8, citing Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906 *8 (S.D. Cal. 2008) ("Under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid").

Under Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion.  In light of the deficiencies of plaintiff's claim, and in light of the fact that plaintiff has failed to set forth evidence showing the probable validity of his claim in opposition to the motion to expunge Lis Pendens, the Court finds granting Litton's motion to be appropriate.[1]

---

[1] Litton seeks attorneys' fees incurred in bringing the instant motion, pursuant to Cal. Code. Civ. P. § 405.38 ("The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8206 CAS (JWJx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Rolando Galvez v. Quality Loan Service Corp. et al | | |

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Litton's motion to expunge Lis Pendens.

IT IS SO ORDERED.

00   :   02

---

unjust.") However, the Court finds the award of attorneys' fees in the instant action to be unwarranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8206 CAS (JWJx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | Rolando Galvez v. Quality Loan Service Corp. et al | | |

Initials of Preparer   CMJ